IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL S. GRIFFIS                                                          PLAINTIFF
ADC #134561

V.                                    NO.  5:08cv00044 WRW-JWC

JAMES BLACKMON                                                          DEFENDANT

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**Instructions**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original,

of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Recommended Disposition

On June 2, 2008, Defendant Blackmon filed a motion to dismiss and brief in support (doc. 21, 22) seeking to dismiss Plaintiff's 42 U.S.C. § 1983 complaint on the grounds that he failed to exhaust his administrative remedies. By order entered June 3, 2008 (doc. 23), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendant's motion to dismiss, which he has done (see doc. 28).

## I. Standard

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)); Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines, 404 U.S. at 520-21. Moreover, where Plaintiff is proceeding pro se, the Court must consider facts set forth in

any opposition to the motion to dismiss in determining whether a cognizable claim has been stated.  Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992).

## II.  Analysis

According to Plaintiff's original complaint (doc. 2), he has had an acute and painful back injury along with a diagnosis of degenerative joint disease since approximately 1991. He alleged that his prescription for Darvon (one dose twice daily), a pain reliever, expired on January 18, 2008.  When he was seen by Defendant Blackmon on February 8, 2008, he agreed to re-write the current prescription but refused to re-write Plaintiff's prescription for double the current dosage on the grounds that Plaintiff allegedly was "an addict." Defendant Blackmon allegedly also refused alternative therapies proposed by Plaintiff (physical therapy, chiropractor, biofeedback, whirlpool therapy, ultrasound therapy, or other appropriate diagnostic tools).

This Court has previously noted that Plaintiff has acknowledged in his original complaint that he has neither filed a grievance nor exhausted a grievance pertaining to the facts set forth in his complaint on the grounds that "This is a serious and painful medical condition which requires immediate and injunctive intervention."  Plaintiff was additionally previously advised that once in forma pauperis status was granted and service ordered, any remaining Defendant likely would immediately raise the affirmative defense that Plaintiff had failed to exhaust his administrative remedies— a prerequisite to the continuation of his case which would mandate the dismissal of his case (see doc. 4). Plaintiff was further notified of his opportunity to voluntarily dismiss this action without prejudice to refiling once he had completed the exhaustion process.  Instead, he continued to acknowledge that he had not engaged in the exhaustion process, stated his belief that

there are no remedies to exhaust, and explained his refusal to engage in the exhaustion process since to do so would require him to divulge privileged medical information (see doc. 8).

As anticipated, Defendant Blackmon[1] seeks dismissal on the grounds that Plaintiff failed to exhaust his administrative remedies prior to filing the instant action.  Defendant further requests that the dismissal of Plaintiff's complaint be counted as a 28 U.S.C. § 1915(g) "strike" for purposes of the PLRA[2] on the basis that Plaintiff has continued to pursue a frivolous matter.

An inmate must exhaust all available administrative remedies prior to initiating a § 1983 prison conditions suit.  42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted"); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) ("Under the plain language of § 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory"); Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (holding that "all available prison grievance remedies must be exhausted as to all of the [plaintiff's] claims"); Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001) (stating that "if administrative remedies are available, the prisoner must exhaust them," regardless of his subjective beliefs about their availability).  See also Jones v. Bock,[3] which addressed the rule requiring that every defendant to be named in a

---

[1] By order entered April 10, 2008 (doc. 14), Plaintiff's claims against Defendants Griffin, Austin, Mosley, and Davis were dismissed without prejudice.

[2] Prison Litigation Reform Act.

[3] 127 S. Ct. 910 (2007).

subsequent lawsuit must also be named during the grievance process as well as the "total exhaustion" rule. Jones held it is the prison's requirements that determine whether plaintiff must identify by name in his grievance all individuals later sued and rejected the "total exhaustion" rule requiring dismissal of the complaint as a whole, concluding instead that courts should proceed with the exhausted claims in instances where the plaintiff has failed to exhaust some, but not all, of the claims asserted.  Exhaustion of remedies requires the inmate to first attempt informal resolution and then to timely file and appeal a particular grievance through several administrative levels.  Plaintiff was required to appeal his grievance(s) to the highest administrative level, the Deputy/Assistant Director of the ADC. See ADC Adm. Dir. 04-01 § IV(G)(5) (February 1, 2004).

In his response to Defendant's motion (doc. 28), Plaintiff does not dispute that he has never exhausted his administrative remedies in connection with the claim he raises. Instead, he argues that Correctional Medical Services, a private and separate company, has no grievance procedure in place to address medical issues and inmates have no way to obtain relief for a grievance of a medical nature— i.e., that he has no "available" remedy. This is Plaintiff's subjective belief and it is erroneous.  Grievances concerning medical issues, just as all other issues related to Plaintiff's incarceration, are addressed through the grievance procedure established by the Arkansas Department of Correction.  In fact, had Plaintiff properly filed an informal resolution followed by a grievance, he would have received a response from the Warden/Center Supervisor that would have notified him that since his grievance concerned a medical matter, it would be forwarded to the medical administrator to provide a written response and/or interview.  Plaintiff would have been further advised that if he received no response, or an unsatisfactory response, he could

5

appeal his grievance to the Deputy Director for Health and Correctional Programs, fully exhausting his administrative remedies.   Plaintiff chose to do none of these things. Pursuant to <u>Graves v. Norris</u>, Defendant's motion should be granted.

### III.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.      Defendant's motion to dismiss (doc. 21) should be GRANTED and Plaintiff's case should be dismissed in its entirety WITHOUT PREJUDICE.

2.      Such a dismissal should NOT be counted as a strike.

DATED this 25th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE